IN THE UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA           O'SULLIVAN

CASE NO.: 06-60223 CIV-GRAHAM

BILLY J. GELTER, an individual,
formerly known as "Billy J. Ingmire,"

      Plaintiff,

v.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, doing business as
"Law Offices of Adam J. Katz, P.A.", and
ADAM JEFFREY KATZ, an individual,

      Defendants.
_____/

NIGHT BOX
FILED

FEB 2 2 2006

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Billy J. Gelter, an individual, formerly known as "Billy J. Ingmire," sues Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, and alleges:

### INTRODUCTION

1.     This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and



supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

## *ALLEGATIONS AS TO PARTIES*

3. At all times material hereto, Plaintiff, Billy J. Gelter ("Ms. Gelter") was *sui juris* and a resident of Escambia County, Florida and was formerly known as "Billy J. Ingmire."

4. At all times material hereto, Defendant, Adam Jeffrey Katz, P.A. ("Katz Law Firm") was a Florida professional association doing business in Broward County, Florida under the trade name "Law Offices of Adam J. Katz, P.A."

5. At all times material hereto, Defendant, Adam Jeffrey Katz ("Attorney Katz"), was *sui juris* and a resident of Broward County, Florida.

6. At all times material hereto, Plaintiff, Ms. Gelter was a mentally disabled woman living on social security disability in her home town of Pensacola, Florida.

7. At all times material hereto, Defendants are and were engaged in the collection of consumer debts using mail and telephone communications to debtors.

## *FACTUAL ALLEGATIONS*

7. In the early 1990's, Ms. Gelter opened a revolving line of credit known more commonly as a "credit card account" ("Charge Account") with Chevy Chase Bank, N.A. ("Chevy Chase Bank").

8. As a result of the passage of over a dozen years since opening the Charge Account, Ms. Gelter does not have in her possession, custody and/or control any documentation relevant to the Charge Account with Chevy Chase Bank.

9. As a result of her mental disability and limited financial circumstances, Ms. Gelter

has not made any payment on the Charge Account since shortly after opening same. To the best information available to Ms. Gelter, no payment was made on the Charge Account since at least 1994.

10. Upon information and belief, a company by the name of "Zwicker & Associates, P.C." ("Zwicker & Associates"), purchased the Charge Account from Chevy Chase Bank or its assignees as part of a business plan to dispose of uncollectible and charged-off consumer accounts in a business practice known more commonly in the debt collection trade as "debt scavenging," "zombie debt collection" or "junk debt collection." In the typical business model employed by businesses such as Zwicker & Associates, the debt collection agency will buy charged-off accounts from the original lender for pennies on the dollar.

11. Businesses adopting the aforementioned business model will attempt to collect the principal indebtedness of the charged-off debt together with accrued interest from the consumer obligor using tactics which implicitly or even expressly state to the least sophisticated consumer that the stale, time-barred debt is an obligation which is enforceable through judicial means and is reportable to the credit reporting agencies despite such debts being "obsolete" and not reportable under the Fair Credit Reporting Act.

12. Upon information and belief, Zwicker & Associates employed Defendants for the purpose of collecting or attempting to collect the Charge Account from Ms. Gelter.

13. Commencing in May, 2005 through to the date of the filing hereof, Defendants, through its agents, employees and/or representatives acted within the scope of their employment and with the authority of Defendants, began a pattern of conduct reasonably calculated to harass, threaten or coerce Ms. Gelter into paying monies under the Charge Account.

14. Defendants attempted to collect the Charge Account with the knowledge that the Charge Account was a consumer debt which was unenforceable as a result of the expiration of the applicable statute of limitations.

15. On or about May 4, 2005, Defendants sent or caused to be sent to Ms. Gelter correspondence, known more commonly in the collection industry as a "dunning letter", concerning the Charge Account ("Initial Collection Communication").

16. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A".

17. Pursuant to the Initial Collection Communication, Defendants represented the following:

> **Failure to send payment or provide a valid legal reason for a non-payment will result in further collection activities,** *including, but not limited to criminal and/or civil prosecution,* when permitted by law.
>
>                                         (emphasis in original)

18. The reference to the possibility of "criminal and/or civil prosecution" is a blatant attempt to falsely and deceptively imply to Ms. Gelter as a least sophisticated consumer that the Defendants and/or their clients could initiate criminal prosecution when in fact Defendants had neither the intention nor the ability to cause a "criminal proceeding" to be initiated against a consumer such as Ms. Gelter.

19. Pursuant to the Initial Collection Communication, Defendants stated:

> In addition, reporting of this debt to all major credit bureaus as well as the aforementioned exposure to a lawsuit which will result in

>     attorney's fees, sanctions, post-judgment (sic), interest and
>     additional monetary damages as provided by law will be
>     aggressively pursued in the event that you do not remit the full
>     amount referenced above immediately.
>
>                             (syntax and punctuation error in original)

20.     The reference by Defendants that Defendants and/or their clients could report derogatory information to "major credit bureaus" was unfair, false and deceptive in that it implied that to Ms. Gelter as a least sophisticated consumer that Defendants could report information which was "obsolete" as said term is defined under the Fair Credit Reporting Act to the national credit reporting agencies when Defendants and/or their clients could not so report under 15 U.S.C. §1681. By information and belief, Defendant and/or their clients do not report credit information to the national credit reporting agencies.

21.     The use of the word "sanctions" in the Initial Collection Communication was unfair, false and deceptive in that it implied to Ms. Gelter as a least sophisticated consumer that her failure to pay the Charge Account would result in punishment by judicial authority when in fact it would not.

22.     The use of the word "additional monetary damages" in the Initial Collection Communication was unfair, false and deceptive in that it implied to Ms. Gelter as a least sophisticated consumer that Ms. Gelter would owe more money than the balance purportedly owed under the Charge Account when in fact Defendants had no ability to claim or recover such "additional monetary damages."

23.     In the Initial Collection Communication, Defendants purposefully included below the signature of Attorney Katz the reference: "Cc: 1st USA Chevy Chase Bank." Upon

information and belief, the "courtesy copy" reference by Defendants was an attempt to unfairly, falsely and deceptively imply to Ms. Gelter as a least sophisticated consumer that the initial credit grantor - Chevy Chase Bank - was to receive a copy of the Initial Collection Communication when in fact it was not and to falsely imply that Chevy Chase Bank was interested in the collection of the Charge Account when in fact it was not.

24. On or about January 3, 2006, Defendants filed or caused to be filed a civil proceeding against Ms. Gelter in an attempt to collect the Charge Account in that certain case styled "*National Financial Holdings v. Billy J. Ingmire*, in the County Court, of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. COCE-06-00038 (49)" ("Broward County Collection Proceeding").

25. The Plaintiff in the Broward County Collection Proceeding is an entity by the name of "National Financial Holdings" ("National Financial"). National Financial is an unknown entity which is not registered as either a debt collector or an organization authorized to do business in the State of Florida.

26. Upon discovery of the legal organization of National Financial, Ms. Gelter reserves the right to add National Financial, its agents, employees and representatives as additional party defendants.

27. The Broward County Collection Proceeding was filed against Ms. Gelter despite the fact that the Defendants knew that the Charge Account was time-barred by operation of the applicable statutes of limitations.

28. The Broward County Collection Proceeding was filed in Broward County, Florida despite the fact that the Defendants knew Ms. Gelter was a resident of Escambia County, Florida.

29. The Broward County Collection Proceeding was dismissed for failure to prosecute on February 2, 2006. In particular, Attorney Katz failed to appear at the Pretrial Conference scheduled for said date in accordance with the Florida Small Claims Rules.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

30. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

31. Ms. Gelter realleges and reaffirms the allegations contained in Paragraphs 1 through 29 above as if set forth hereat in full.

32. At all times material hereto, Ms. Gelter was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

33. At all times material hereto, Chevy Chase Bank and Zwicker & Associates were each a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

34. At all times material hereto, the Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

35. At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

36. As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

(a) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692d;

(b) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(c) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d) made a false representation of the compensation which may be lawfully received by any debt collector of a debt in contravention of 15 U.S.C.§1692e(2)(B)

(e) made a representation or implication that non-payment of a debt will result in the arrest or imprisonment of Ms. Gelter in contravention of 15 U.S.C.§1692e(4);

(f) made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

(g) made a false representation or implication that Ms. Gelter as a consumer committed any crimes or other conduct to disgrace Ms. Gelter as a consumer in contravention of 15 U.S.C.§1692e(7);

(h) made a threat to communicate to any person credit information which is known or which should be known to be false, in contravention of 15 U.S.C.§1692e(8);

(i) failed to disclose in the initial written communication with Ms. Gelter as a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communication that the communication is from a debt collector in contravention of 15 U.S.C.§1693e(11);

(j) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

(k) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

37. 15 U.S.C. §1692g provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a) The amount of the debt;

(b) The name of the creditor to whom the debt is owed;

(c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thiseof, the debt will be assumed to be valid by the debt collector;

(d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. The Defendants violated the requirements of 15 U.S.C. §1692g by failing to provide Ms. Gelter with a notice of validation rights as required by the FDCPA.

39. The Defendants violated the requirements of 15 U.S.C. §1692i by filing the Broward County Collection Proceeding in an impermissible judicial district.

40. As a direct and proximate result of the violation of the FDCPA by the Defendants,

Ms. Gelter has been damaged. The damages of Ms. Gelter include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

41.     Pursuant to 15 U.S.C. §1692k, Ms. Gelter is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

42.     Ms. Gelter has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Billy J. Gelter, an individual, demands judgment against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

43.     This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

44.     Ms. Gelter realleges and reaffirms the allegations contained in Paragraphs 1 through 29 above as if set forth hereat in full.

45.     At all times material hereto, the Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

46.     At all times material hereto, Ms. Gelter was a "debtor" or "consumer debtor" as

said terms are defined under Florida Statutes §559.55(2).

47. At all times material hereto, Chevy Chase Bank was a "creditor" as said term is defined under Florida Statutes §559.55(3).

48. At all times material hereto, Defendants were "debt collectors" as said term is defined under Florida Statutes §559.55(6).

49. As more particularly described above, the Defendants have violated the FCCPA in that the Defendants have:

(a) Willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Gelter or a member of her family, in contravention of Florida Statutes §559.72(7);

(b) Used willfully abusive language in communicating with Ms. Gelter in contravention of Florida Statutes §559.72(8); and

(c) Claimed, attempted or threatened to enforce a debt when Defendants knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

50. As a direct and proximate result of the violation of the FCCPA by the Defendants, Ms. Gelter has been damaged. The damages of Ms. Gelter include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

51. Ms. Gelter has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

52. Pursuant to Florida Statute §559.77, Ms. Gelter is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Billy J. Gelter, an individual, demands judgment for damages against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Billy J. Gelter, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 (FAX)

*Law Offices*
## Adam J. Katz, P.A.
2825 N. University Dr. Suite #201
Coral Springs, Florida 33065

*Adam Jeffrey Katz*
*Also Member Federal Bar*

Telephone (954) 761-8080
Fax (954) 523-5723

*Harvey Greenberg*
*of Counsel*

# URGENT-FINAL NOTICE

May 4, 2005

Billy Ingmire
420 Edison Dr.
Pensacola, Florida 32505

RE: Account No.:602567
Balance Due: $1,881.80

Dear Mr. Ingmire:

As of the time this notice was sent, the above referenced bill is **severely past due**. This valid debt is for 1st USA Chevy Chase Bank provided by Zwicker & Associates, P.C.

**Failure to send payment or provide a valid legal reason for a non-payment will result in further collection activities,** *including, but not limited to criminal and/or civil prosecution,* when permitted by law. In addition, reporting of this debt to all major credit bureaus, as well as the aforementioned exposure to a lawsuit which will result in attorney's fees, sanctions, post-judgment, interest and additional monetary damages as provided by law will be aggressively pursued in the event that you do not remit the full amount referenced above immediately. Please send payment upon receipt of this statement or contact my firm at (954) 761-8080 to make the appropriate payment arrangements. Payment may be made via credit card, money order, check by phone or Western Union. Your immediate attention is requested. Govern yourself accordingly.

Your immediate response is requested,

Adam J. Katz, Esq.

Cc: 1st USA Chevy Chase Bank

**EXHIBIT A**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BILLY J. GELTER, an individual, f/k/a "Billy J. Ingmire,"

*MAGISTRATE JUDGE O'SULLIVAN*

**DEFENDANTS**
ADAM JEFFREY KATZ, a Florida professional association, d/b/a "Law Offices of Adam J. Katz, P.A." and ADAM JEFFREY KATZ, an individual,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Escambia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*CIV-GRAHAM*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert W. Murphy, 1212 SE 2nd Ave
Ft. Lauderdale, FL 33316 (954)763-8660

ATTORNEYS (IF KNOWN)

**06-60223**

**NIGHT BOX FILED**
FEB 22 2006

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:06 CV 60223 O'Sullivan

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

CLERK, USDC/SDFL/FTL

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)  *Graham*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Action for violation of 15 USC §1692, et seq., a/k/a "Federal Fair Debt Collection Practices Act," prohibiting debt collectors from engaging in abusive, deceptive and unfair practices.

LENGTH OF TRIAL
via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 2/16/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 536430  AMOUNT 250.00  APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___