

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:06-60223-CIV-GRAHAM-O'SULLIVAN

BILLY J. GELTER, an individual,
formerly known as "Billy J. Ingmire,"

       Plaintiff,

v.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, doing business as
"Law Offices of Adam J. Katz, P.A.", and
ADAM JEFFREY KATZ, an individual,

       Defendants.

_____/

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
## AND FOR SANCTIONS OF DEFENDANT ADAM JEFFERY KATZ

Plaintiff, Billy J. Gelter, an individual, formerly known as "Billy J. Ingmire" ("Ms.

Gelter"), by and through her undersigned attorney, pursuant to Rule 7.1C, Local Rules of the

United States District Court, Southern District of Florida, files this her Memorandum of Law in

Opposition to the Motion to Dismiss filed herein by Defendant, Adam Jeffrey Katz, an

individual, and Motion for Sanctions (D.E. 8) as to Defendant, Adam Jeffrey Katz, an individual

("Attorney Katz" or "Mr. Katz"):

## I. INTRODUCTION

### A.  SYNOPSIS OF COMPLAINT ALLEGATIONS

As disclosed in her Complaint, Ms. Gelter is a mentally disabled woman living on social



security disability in her hometown of Pensacola, Florida (Complaint — ¶6). Her life was disrupted by the offensive collection practices of the Defendants, which included, *inter alia* threats which included criminal prosecution and the filing of a time-barred lawsuit in the impermissible and inconvenient forum of Broward County, Florida. As a result, the instant action was brought by Ms. Gelter against Attorney Katz and his professional association, Adam Jeffrey Katz, P.A., a Florida professional association ("Katz Professional Association"), for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. In particular, Ms. Gelter alleged that Defendants violated the state and federal consumer collection laws in an attempt to collect a stale, time-barred credit card account ("Charge Account") previously issued by Chevy Chase Bank, N.A. in the early 1990's (Complaint — ¶7).

In her Complaint, Ms. Gelter alleges two distinct areas of offensive conduct which violate the FDCPA and FCCPA. Firstly, Ms. Gelter has alleged that on or about May 4, 2005, Defendants sent or caused to be sent to Ms. Gelter correspondence, known more commonly in the collection industry as a "dunning letter" concerning the Charge Account ("Initial Collection Communication"). A true and correct copy of the Initial Collection Communication is attached to the Complaint as Exhibit "A". The Initial Collection Communication violates the operative law in a myriad of ways, the most notable being that the Initial Collection Communication falsely threatened "criminal and/or civil prosecution" on the time-barred debt represented by the Charge Account (Complaint — ¶17-18). Compare, Greenpoint Credit Corp. v. Perez, 75 S.W. 3rd 40

2

(Tex. App. 2002) [$5 million compensatory damage award against finance company for unlawful threat of arrest under analogous Texas consumer statute].

The second area of conduct of the Defendants which is addressed by Ms. Gelter in her Complaint concerns the filing of a civil proceeding against Ms. Gelter in that certain case styled "*National Financial Holdings v. Billy J. Ingmire*, in the County Court, of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. COCE-06-00038 (49)" ("Broward County Collection Proceeding") (Complaint — ¶24). Ms. Gelter has alleged that the Broward County Collection Proceeding was filed by Defendants when Defendants knew that the Charge Account was time-barred by operation of the applicable statutes of limitations (Complaint — ¶27). Moreover, Ms. Gelter has asserted that the Broward County Collection Proceeding was filed in Broward County, Florida despite the fact that the Defendants knew that Ms. Gelter was a resident of Escambia County, Florida in violation of the venue requirements of the FDCPA.

In her Complaint, Ms. Gelter has clearly and concisely alleged that both Defendants — Mr. Katz and Katz Professional Association — were actively involved in the collection of the Charge Account. Indeed, the dunning letter attached to the Complaint as Exhibit "A" purports to bear the signature none other than Attorney Katz himself.

## B. SYNOPSIS OF APPLICABLE CONSUMER LAW

### 1. Scope and Purpose of FDCPA

The FDCPA was enacted to protect consumers from and to eliminate "abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The FDCPA also protects law abiding debt collectors who refrain from using abusive debt collection practices from being

3

competitively disadvantaged. Id. The FDCPA was enacted by Congress after finding "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors," 15 U.S.C. §1692(a). Moreover, Congress found that "[a]busive debt collection practices contribute to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id.

The FDCPA enumerates general standards of proscribed conduct, defines and restricts abusive collection acts as detailed in the Act, and provides for specific disclosure rights for consumers. Such consumer rights include the requirement that debt collectors provide a so-called "validation notice," which discloses the amount of debt, the name of the creditor, a statement that the validity of the debt will be assumed unless disputed by the consumer within thirty (30) days from receipt of the notice, and an obligation to verify the debt, including the disclosure of the name and address of the original creditor, if the consumer so requests. 15 U.S.C. §1692g; See, Russell v. Equifax, 74 F.3d 30, 34 (2nd Cir. 1996); Bleich v. Revenue Maximization Group, 233 F. Supp.2d 496 (E.D. N.Y. 2002). In addition to consumer disclosure rights, 15 U.S.C.§1693 provides for a broad proscription against "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or information concerning a consumer." 15 U.S.C. §1693e(10).

### 2. FDCPA as a Strict Liability Statute

The FDCPA is a strict liability statute. As such, there are no unimportant or non-actionable violations. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 63 (2nd Cir. 1993); Taylor v. Perrin, Landry, de Launay & Durand, 103 F.3d 1232 (5th Cir. 1997). Further, the FDCPA, as with all consumer statutes, is afforded broad and liberal interpretation in favor of the

consumer to effectuate its purposes. <u>Cirkot v. Diversified Financial Systems, Inc.</u>, 831 F. Supp.
941, 944 (D.Conn. 1993); <i>cf.</i>, <u>Rodash v. AIB Mortgage Company</u>, 16 F.3d 1142, 1144 (11th Cir.
1994) abrogated on other grounds by <u>Veale v. Citibank, F.S.B.</u>, 85 F.3d 577 (11th Cir. 1996);
<u>Schroder v. Suburban Coastal Corporation</u>, 729 F.2d 1371,1380 (11th Cir. 1984).

### 3.  Application of the "Least Sophisticated Consumer" Standard

The United States Court of Appeals for the 11th Circuit established the standard by which
most violations of the FDCPA are analyzed, i.e., whether the communication by the debt
collector would mislead the "least sophisticated consumer." <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d
1168, 1172—75 (11th Cir. 1985). Under the governing standard, a court need not determine
whether the named plaintiff or other putative plaintiffs were misled or were confused by the
notice, as the standard is whether the 'least sophisticated consumer' would have been misled.
<u>Swanson v. Mid Am, Inc.</u>, 186 F.R.D. 665, 667 (M.D. Fla. 1999). The basic purpose of the least
sophisticated consumer standard is to ensure that the FDCPA protects all consumers, "the
gullible as well as the shrewd." <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2nd Cir. 1993). <u>See</u>,
also, <u>Taylor v. Perrin, Landry, de Launay v Durand</u>, 103 F.3d 1232, 1236 (5th Cir. 1997); <u>U.S. v.
National Financial Services, Inc.</u>, 98 F.3d 131, 136 (4th Cir. 1996); <u>Russell v. Equifax</u>, A.R.S. 74
F.3d 30 (2d Cir. 1996); <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60 (2d Cir. 1993);
<u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit
Service, Inc.</u>, 869 F.2d 1222, 1225—26 (9th Cir. 1988). The actions of Defendants as alleged in
the Complaint herein must be evaluated from the standpoint of the least sophisticated consumer.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss, the standard of review is well-settled:

> "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-plead allegations and should view the complaint in a light most favorable to the plaintiff."

Mylan Labs, Inc. v. Matkari, F.3d 1130, 1134 (4th Cir. 1993), citing DeSole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991).

A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed. 2nd 80 (1957). Further, the court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits reference to matters for which judicial notice may be taken, and to documents either in the plaintiff's possession or of which plaintiff had knowledge and relied on in bringing the suit. Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2nd Cir. 1993). "In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." Amalgamated Bank of New York v. Marsh, 823 F.Supp. 209, 215 (S.D. N.Y.1993).

## III.  LEGAL ARGUMENT

### A.  PLAINTIFF HAS PROPERLY PLED A CLAIM UNDER THE FDCPA AGAINST ATTORNEY KATZ THROUGH ALLEGATIONS THAT ATTORNEY KATZ WAS A "DEBT COLLECTOR" WITHIN THE MEANING OF THE FDCPA AND THAT ATTORNEY KATZ ACTIVELY PARTICIPATED IN THE COLLECTION OF THE "CHARGE ACCOUNT"

#### 1.  Definition of Debt Collector.

15 U.S.C. §1692a(6) provides in pertinent part:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business for the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692(a)6.

Under the foregoing definition, most debt collection agencies and their actively involved employees are within the ambit of the FDCPA.  See, Campion v. Credit Bureau Services, Inc., 2000 WL 33255504 (E.D. Wash. 2000); West v. Costen, 558 F.Supp. 564 (W.D. Va..1983).  Ms. Gelter has alleged that Attorney Katz was a "debt collector" as the term is defined under the FDCPA (Complaint — ¶35).

#### 2.  Lawyers as "Debt Collectors" Under the FDCPA

In 1986, Congress expanded coverage of the FDCPA to include attorneys who regularly collect consumer debts.  Heintz v. Jenkins, 115 S. Ct. 1489, 514 U.S. 291, 131 L. Ed. 2d 395 (1995).  As stated by the U.S. Supreme Court:

> First, the act does apply to lawyers engaged in litigation. . . In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly "attempts" to "collect" those consumer debts. Id. at 295.

7

Id. at 1490-1491; See, also, Piper v. Portnoff Law
Associates, Ltd., 396 F.3d 227 (3rd Cir. 2005).

In Piper, the homeowner brought an action under the FDCPA against a law firm — and
two of its attorneys — who had been hired by a municipality to collect payment for overdue
water and sewer obligations. Id at 229. The Third Circuit was called upon to address a certified
question to whether the requirements of the FDCPA applied to matters involving the collection
of government water obligations. In responding in the affirmative, the Court held that unpaid
water bills were within the ambit of the FDCPA and that the law firm and the individual attorney
employees were liable for violating the FDCPA. Id at 237.

In a similar fashion, an attorney who authors office collection letters, supervises
collection activities, and is a sole attorney in a debt collection firm is a "debt collector" as
defined by the FDCPA. Brumbelow v. Law Offices of Bennett & Deloney, P.C., 372 F.Supp. 2nd
615 (D. Ut. 2005); See, also, Goins v. JBC & Associates, P.C., 352 F.Supp.2d 262 (D. Conn.
2005) [owner of law firm was a "debt collector" within meaning of FDCPA where owner
provided services to clients seeking to collect debts and had sole control over which debt
collection letters were sent to consumers].

In his Motion to Dismiss, Attorney Katz incredulously argues that he is somehow
removed from the ambit of the FDCPA because he is incorporated as a subchapter S corporation,
to wit: Katz Professional Association[1] (Motion to Dismiss — ¶¶3-5). Attorney Katz has failed to

---

[1]In his Motion to Dismiss, Attorney Katz makes assertions of fact which are outside the
four corners of the pleadings presented by Plaintiff. To that extent, the Court should not consider
such statements in its ruling on the subject Motion. Further, the representation that the Katz
Professional Association "always acts in good faith" is a matter of controversy. See, e.g., South
Florida Sun-Sentinel, Feb.11, 2006, Section B, page 1.

recognize that his corporation does not shield him from liability under the FDCPA. See, e.g.,

Ditty v. Check Right, Ltd., Inc., 973 F.Supp. 1320 (D. Ut. 1997) [attorney for law firm which

represented the collection agency was "debt collector" and thus, could be held personally liable

under the FDCPA even though the law firm was a limited liability company, where the attorney

was the firm's sole attorney, developed debt collection practices, was the author of collection

letters utilized by the firm and supervised all the firm's activities]. In the instant action, Ms.

Gelter has clearly alleged that both Defendants — Attorney Katz and the Katz Professional

Association — each violated the FDCPA in their collection activities directed to Plaintiff. This

fact is underscored by the Initial Collection Communication attached to Plaintiff's Exhibit "A"

which purports to be signed by Attorney Katz himself.

     With all due respect to Attorney Katz, the Federal Rules of Civil Procedure only require a

"short and plain statement of the claim that will give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." Roe v. Aware Women's Center for

Choice, Inc., 253 Fd.3d 678, 683 (11th Cir. 2001), quoting Connolly v. Gibson, 78 S.Ct. 99, 103

(1987); See also, Rule 8(a)(2), Federal Rules of Civil Procedure. Accordingly, Ms. Gelter has

stated a claim for relief against Attorney Katz. See, also, Musso v. Seiders, 194 F.R.D. 43, 46-47

(D. Conn. 1999); Pope v. Vogel, 1998 WL 111576 (N.D. Ill. 1988); Egli v. Bass, 1998 WL

560270 (N.D. Ill. 1998) [principal who was responsible for devising and implementing

procedures personally liable under the FDCPA]; Drennan v. Van Ru Credit Corporation, 950

F.Supp. 858, 860-861, Note 7 (N.D. Ill. 1996) [principal is proper target of the FDCPA

complaint]; In re: National Credit Management Group, 21 F.Supp. 2d 464, 461 (D. New Jersey

1998) [officers can be individually liable if they directly participate in the violations; played a

part in controlling, directing, or formulating the policies and practices which violated the law; or have the authority to control the violators or have actual or construction of knowledge of the violations]; *compare*, Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057 (7th Cir. 2000) [the shareholder and president of the collection agency was not a "debt collector without any other evidence of active participation in the collection of debt"].

## A. ATTORNEY KATZ IS SUBJECT TO LIABILITY UNDER THE FCCPA, REGARDLESS OF WHETHER ATTORNEY KATZ WAS A "DEBT COLLECTOR"

Unlike the FDCPA, the Florida Consumer Collection Practices Act does not restrict its application to "debt collectors." Rather, under Florida Statutes §559.72, liability extends to any "person". The word "person" is not limited to collection agencies, but is applied to "persons" generally, including corporations. Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (1st DCA 1976); Schauer v. General Motors Acceptance Corporation, 819 So.2d 809 (Fla. 4th DCA 2002) [automobile financing company was a "person" within the meaning of the FCCPA; although the Act did not define the term "person", it was not restricted to debt collectors].

As reflected above, Ms. Gelter has properly alleged the active participation by Attorney Katz in the collection of the Charge Account. The activities of Attorney Katz included the preparation and transmission of the Initial Collection Communication which threatened *inter alia* criminal prosecution, and the filing of the proscribed Broward County Collection Proceeding. Accordingly, as the scope of potential defendants under the FCCPA is even broader than its federal counterpart, Attorney Katz is properly subject to liability under the FCCPA.

## B.  THE ASSERTION BY ATTORNEY KATZ THAT HE IS ENTITLED TO "SANCTIONS" IS UTTERLY VOID OF LEGAL AND FACTUAL MERIT

### 1.  Review of FDCPA Basis for Defendant Attorney's Fees

15 U.S.C. §1692k(a)(3) provides:

> (3). . . on a finding by the Court that an action under this section was brought in bad faith and for the purpose of harassment, the Court may award to the Defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. §1692k(a)(3).

The language provides for a discretionary awarding of attorney's fees to a debt collector in an FDCPA case if the court finds that the action was brought by a consumer in bad faith and for the purpose of harassment.  Under the well-established case law interpreting the aforementioned provision, the debt collector must establish that there was not a legal or factual basis for any of the consumers' claims.  See, Horkey v. J.V.D.B & Associates, Inc., 333 F.3d 769 (7th Cir. 2003); Bloom v. Lawent, 2003 WL 22078306 (N.D. Ill. Sept. 8, 2003) [collector which defeated one of three claim violations of the FDCPA is not entitled to attorney's fees under §1692k(a)(3)].  Further, if a defendant claims attorney's fees under the FDCPA, the defense has every burden of proving the plaintiff's subjective bad faith or malice and the plaintiff's harassing purpose in instituting the FDCPA action.  See, e.g., Johnson v. Eaton, 80 F.3d 148 (5th Cir. 1996).  To prove malice, the defendant must show not only that the plaintiff had no basis for believing that the defendant violated the FDCPA, but also that plaintiff did not entertain a subjective belief that such acts occurred.  Id.  Defendant must then show that the plaintiff brought the suit to harass the collector.  See, Jones v. Weiss, 95 F.Supp. 2d 105 (N.D. New York 2000).

The Motion for Sanctions filed by Attorney Katz is in a word frivolous.  Ms. Gelter has

11

filed a well-founded lawsuit against Attorney Katz for personally transmitting the dunning letter

which was grossly noncompliant with the FDCPA and for filing a lawsuit on a time-barred debt

in a distant inconvenient forum.  This position is especially compelling as Ms. Gelter is the

paradigm of the person who Congress sought to protect in the first place.  Specifically, according

to the Complaint, "Ms. Gelter [is] a mentally disabled woman living on social security disability

in her hometown of Pensacola, Florida." (Complaint — ¶6).

### 2. Authority for Defendant Attorney's Fees under FCCPA

Florida Statutes §559.77(2) provides:

> If the court finds that the suit fails to raise a justiciable issue of law
> or fact, the plaintiff shall be liable for court costs and reasonable
> attorney's fees incurred by the defendant.

There is a dearth of case law under the FCCPA concerning the ability of defendants to

recover attorney's fees.  However, the analogous provisions of Florida Statutes §57.105 is

illustrative of the burden which the defendant would have to meet in order to recover attorney's

fees.  In particular, under §57.105, Florida Statutes, to justify an award of attorney's fees under a

statute governing  frivolous claims and defenses, the trial court must find the action to be

frivolous and so devoid of merit both on the facts and law as to be completely untenable.

Murphy v. WISU Properties, Ltd., 895 So.2d 1088 (Fla. 3rd DCA 2004).  Indeed, an award of

statutory attorney's fees is not appropriate as long as the complaint alleges some justiciable issue.

Vasquez v. Provincial South, Inc., 795 S.2d 216 (Fla. 4th DCA 2001).

As with respect to the FDCPA, Ms. Gelter has claimed that Attorney Katz has - by virtue

of his written communications and the filing of the Broward County Collection Proceeding -

violated the FCCPA.  There is absolutely no basis for finding of a "bad faith" lawsuit.

12

### 3. Review of Rule 11.

Rule 11, Federal Rules of Civil Procedure, provides in pertinent part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting or later advocating), a pleading, written motion, or other paper, the attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under circumstances - (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and the legal contentions therein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of an existing law or the establishing of a new law; (3) the allegations and other factual contentions are evidentiary support or, and specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, reasonably based on the lack of information or belief.

The current Rule 11 was amended in part to address abusive litigation practice which

abounded in federal courts. Cooter & Gell v. Hartmax Corporation, 496 U.S. 384, 393,110 S.Ct.

2447 (1990).

When an attorney signs a paper without making inquiry and determination, the court

"shall" be penalized by an "appropriate sanction". Such sanction may, but need not be, include

the payment of the other party's expenses[2].

The central purpose of Rule 11 is to deter baseless filings in district court. Ms. Gelter

---

[2]Ms. Gelter would direct the attention of the Court to the fact that Attorney Katz in the filing of the Answer on behalf of the Katz Professional Association denied every allegation of the Complaint, including allegations as to the residency of Attorney Katz (¶4 of Complaint; ¶4 of Answer) and the place of business of the Katz Professional Association (¶4 of Complaint; ¶4 of Answer). Remarkably, in the Motion to Dismiss, Attorney Katz appears to contradict the averments contained in the Answer.

would respectfully submit to the Court that the only baseless filing thus far in this proceeding is the Motion to Dismiss filed by Attorney Katz. Ms. Gelter filed her Complaint to address unlawful conduct by Attorney Katz under the FDCPA and the FCCPA which is well founded under existing case law. The Motion to Dismiss - *sans* even a memorandum of law citing supporting authorities as required under Local Rule 7.1 - is an undeliberative attempt to delay the closure of pleadings by Attorney Katz.

## IV.  CONCLUSION

Attorney Katz presents no legal authority to support his contention that he is not subject to the federal and state consumer collection laws. Ms. Gelter has alleged that he is a "debt collector" under the FDCPA and the FCCPA. In her Complaint, Ms. Gelter has concisely and specifically alleged that Attorney Katz actively collected a consumer debt through the offensive Initial Collection Communication and the filing of the Broward County Collection Proceeding. Assuming *arguendo* that Attorney Katz was not a "debt collector" under the FDCPA, Attorney Katz would nonetheless be subject to liability under the FCCPA which covers any "person", regardless of their status as a "debt collector".

With respect to the application for "sanctions", Attorney Katz has provided no legal or factual basis for sanctions. The only "bad faith" filing which can be discerned thus far is the motion filed by Attorney Katz. Accordingly, as Attorney Katz is proceeding on essentially a *pro se* basis, Ms. Gelter respectfully requests that in addition to a denial of the Motion to Dismiss, that the Court admonish Attorney Katz from further consumption of litigant and judicial resources through motions which are not legally or factually well-founded. This position *is*

14

especially compelling as the claims of Ms. Gelter under the respective statutes have a fee shifting

component which may be visited upon Mr. Katz after the successful prosecution of this

proceeding.

Notwithstanding the foregoing, if the Court finds that any aspect of the Complaint is

deficient, Ms. Gelter would respectfully request leave to amend to cure the pleading deficiency, if

possible.

Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 [Fax]
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular
U.S. mail on March **3**___, 2006 to Adam Jeffrey Katz, Esquire, Adam Jeffrey Katz, P.A., 5571
North University Drive, Suite 204, Coral Springs, FL 33065.

Attorney