

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:06-60223-CIV-GRAHAM-O'SULLIVAN

BILLY J. GELTER, an individual,
formerly known as "Billy J. Ingmire,"

      Plaintiff,

v.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, doing business as
"Law Offices of Adam J. Katz, P.A.", and
ADAM JEFFREY KATZ, an individual,

      Defendants.
_____/

## MOTION TO AMEND COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

    Plaintiff, Billy J. Gelter, an individual, by and through her undersigned attorney, pursuant to Rule 15(a), Federal Rules of Civil Procedure, and Rule 7.1, Local Rules of the United States District Court, Southern District of Florida, respectfully move this Court for leave to amend her Complaint for Damages and Incidental Relief and in support thereof would show as follows:

    1.    The instant action was initiated by Ms. Gelter on February 22, 2006 by the filing of her Complaint for Damages and Incidental Relief (D.E. 1).

    2.    As disclosed in her Complaint, Ms. Gelter is a mentally disabled woman living on social security disability in her hometown of Pensacola, Florida (Complaint — ¶6). Her life was disrupted by the offensive collection practices of the Defendants, which included, *inter alia* threats which included criminal prosecution and the filing of a time-barred lawsuit in the

impermissible and inconvenient forum of Broward County, Florida. As a result, the instant action was brought by Ms. Gelter against Attorney Katz and his professional association, Adam Jeffrey Katz, P.A., a Florida professional association ("Katz Professional Association"), for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. In particular, Ms. Gelter alleged that Defendants violated the state and federal consumer collection laws in an attempt to collect a stale, time-barred credit card account ("Charge Account") previously issued by Chevy Chase Bank, N.A. in the early 1990's (Complaint — ¶7).

3. On June 7, 2006, Defendants served their response to the initial discovery of Ms. Gelter. After reviewing the discovery responses, counsel for Ms. Gelter determined that the Complaint of Ms. Gelter should be amended to add a claim for punitive damages and additional pendant state law claims.

4. A copy of the Amended Complaint for Damages and Incidental Relief is attached hereto as Exhibit "A".

5. The granting of the instant Motion will cause no prejudice to any party hereto. In particular, the Defendants have not engaged in any discovery and only recently served their Initial Mandatory Disclosure pursuant to Rule 26, Federal Rules of Civil Procedure.

## MEMORANDUM

The determination of whether to grant leave to amend a complaint after a responsive pleading has been filed is within the sound discretion of the trial court. <u>Esther v. International</u>

Union of Operating Engineers, AFL-CIO, 941 F.2d 1574, 1578 (11th Cir. 1991); Pine Properties, Inc. v. American Marine Bank, 156 Fed. Appx., 237 (11th Cir. 2005). Leave to amend should be freely given when justice so requires. Rule 15(a), Federal Rules of Civil Procedure.

The 11th Circuit has repeatedly directed that leave to amend should be freely given when justice requires. Bryant v. Dupree, 252 F. 3d 1161, 1163 (11th Cir. 2001). Indeed, as stated by the United States Supreme Court, "if the underlying facts or circumstances relied upon by Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). In Foman, the Supreme Court identified several circumstances justifying denial of a motion to amend:

> "Undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment."
>
> Id.

None of the circumstances outlined in Foman exist in the instant case. Ms. Gelter is seeking leave to amend her Complaint immediately upon the receipt of the initial discovery responses from Defendants. Further, Ms. Gelter has filed the instant application timely in accordance with the time limitations established by the Scheduling Order, Setting Pretrial Conference and Trial Dates entered on May 31, 2006. (D.E. 20). Lastly, Defendants cannot show prejudice as the Defendants have not engaged in any discovery and only served Rule 26 Disclosures on June 7, 2006.

In light of the above, Ms. Gelter respectfully requests this Court grant her leave to amend

the Complaint and direct the Defendants to serve their responses thereto within the time period provided for under the Federal Rules of Civil Procedure.

### CERTIFICATION OF COUNSEL

THE UNDERSIGNED, attorney of record for Plaintiff, Billy J. Gelter, an individual, formerly known as "Billy J. Ingmire", pursuant to Rule 7.1A 3, Local Rules of the United States District Court, Southern District of Florida, hereby certifies that counsel for the movant has conferred with all parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion, and has been unable to do so.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 (FAX)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular U.S. mail on June \_\_12\_\_, 2006 to Laurence S. Litow, Esquire, Hinshaw & Culbertson LLP, One E. Broward Blvd., Ste. 1010, Fort Lauderdale, FL 33301 and to Wendy J. Stein, Esquire, Bunnell Woulfe, One Financial Plaza, Ste. 900, 100 SE 3rd Avenue, Fort Lauderdale, FL 33394.

Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:06-60223-CIV-GRAHAM-O'SULLIVAN

BILLY J. GELTER, an individual,
formerly known as "Billy J. Ingmire,"

       Plaintiff,

v.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, doing business as
"Law Offices of Adam J. Katz, P.A.", and
ADAM JEFFREY KATZ, an individual,

       Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Billy J. Gelter, an individual, formerly known as "Billy J. Ingmire," sues Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, and alleges:

### *INTRODUCTION*

1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and

-1-



EXHIBIT "A"

supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

## *ALLEGATIONS AS TO PARTIES*

3.    At all times material hereto, Plaintiff, Billy J. Gelter ("Ms. Gelter") was *sui juris* and a resident of Escambia County, Florida and was formerly known as "Billy J. Ingmire."

4.    At all times material hereto, Defendant, Adam Jeffrey Katz, P.A. ("Katz Law Firm") was a Florida professional association doing business in Broward County, Florida under the trade name "Law Offices of Adam J. Katz, P.A."

5.    At all times material hereto, Defendant, Adam Jeffrey Katz ("Attorney Katz"), was *sui juris* and a resident of Broward County, Florida.

6.    At all times material hereto, Plaintiff, Ms. Gelter was a mentally disabled woman living on social security disability in her home town of Pensacola, Florida.

7.    At all times material hereto, Defendants are and were engaged in the collection of consumer debts using mail and telephone communications to debtors.

## *FACTUAL ALLEGATIONS*

8.    In the early 1990's, Ms. Gelter opened a revolving line of credit known more commonly as a "credit card account" ("Charge Account") with Chevy Chase Bank, N.A. ("Chevy Chase Bank").

9.    As a result of the passage of over a dozen years since opening the Charge Account, Ms. Gelter does not have in her possession, custody and/or control any documentation relevant to the Charge Account with Chevy Chase Bank.

10.    As a result of her mental disability and limited financial circumstances, Ms. Gelter has not made any payment on the Charge Account since shortly after opening same. To

the best information available to Ms. Gelter, no payment was made on the Charge Account since at least 1994.

11.     Upon information and belief, a company by the name of "Zwicker & Associates, P.C." ("Zwicker & Associates"), purchased the Charge Account from Chevy Chase Bank or its assignees as part of a business plan to dispose of uncollectible and charged-off consumer accounts in a business practice known more commonly in the debt collection trade as "debt scavenging," "zombie debt collection" or "junk debt collection." In the typical business model employed by businesses such as Zwicker & Associates, the debt collection agency will buy charged-off accounts from the original lender for pennies on the dollar.

12.     Businesses adopting the aforementioned business model will attempt to collect the principal indebtedness of the charged-off debt together with accrued interest from the consumer obligor using tactics which implicitly or even expressly state to the least sophisticated consumer that the stale, time-barred debt is an obligation which is enforceable through judicial means and is reportable to the credit reporting agencies despite such debts being "obsolete" and not reportable under the Fair Credit Reporting Act.

13.     Upon information and belief, Zwicker & Associates employed Defendants for the purpose of collecting or attempting to collect the Charge Account from Ms. Gelter.

14.     Commencing in May, 2005 through to the date of the filing hereof, Defendants, through its agents, employees and/or representatives acted within the scope of their employment and with the authority of Defendants, began a pattern of conduct reasonably calculated to harass, threaten or coerce Ms. Gelter into paying monies under the Charge Account.

15.     Defendants attempted to collect the Charge Account with the knowledge that the

Charge Account was a consumer debt which was unenforceable as a result of the expiration of the applicable statute of limitations.

16. On or about May 4, 2005, Defendants sent or caused to be sent to Ms. Gelter correspondence, known more commonly in the collection industry as a "dunning letter", concerning the Charge Account ("Initial Collection Communication").

17. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A".

18. Pursuant to the Initial Collection Communication, Defendants represented the following:

> **Failure to send payment or provide a valid legal reason for a non-payment will result in further collection activities, *including, but not limited to criminal and/or civil prosecution*,** when permitted by law.
>
> (emphasis in original)

19. The reference to the possibility of "criminal and/or civil prosecution" is a blatant attempt to falsely and deceptively imply to Ms. Gelter as a least sophisticated consumer that the Defendants and/or their clients could initiate criminal prosecution when in fact Defendants had neither the intention nor the ability to cause a "criminal proceeding" to be initiated against a consumer such as Ms. Gelter.

20. Pursuant to the Initial Collection Communication, Defendants stated:

> In addition, reporting of this debt to all major credit bureaus as well as the aforementioned exposure to a lawsuit which will result in attorney's fees, sanctions, post-judgment (sic), interest and additional monetary damages as provided by law will be

aggressively pursued in the event that you do not remit the full
amount referenced above immediately.

(syntax and punctuation error in original)

21.     The reference by Defendants that Defendants and/or their clients could report derogatory information to "major credit bureaus" was unfair, false and deceptive in that it implied that to Ms. Gelter as a least sophisticated consumer that Defendants could report information which was "obsolete" as said term is defined under the Fair Credit Reporting Act to the national credit reporting agencies when Defendants and/or their clients could not so report under 15 U.S.C. §1681. By information and belief, Defendant and/or their clients do not report credit information to the national credit reporting agencies.

22.     The use of the word "sanctions" in the Initial Collection Communication was unfair, false and deceptive in that it implied to Ms. Gelter as a least sophisticated consumer that her failure to pay the Charge Account would result in punishment by judicial authority when in fact it would not.

23.     The use of the word "additional monetary damages" in the Initial Collection Communication was unfair, false and deceptive in that it implied to Ms. Gelter as a least sophisticated consumer that Ms. Gelter would owe more money than the balance purportedly owed under the Charge Account when in fact Defendants had no ability to claim or recover such "additional monetary damages."

24.     In the Initial Collection Communication, Defendants purposefully included below the signature of Attorney Katz the reference: "Cc: 1st USA Chevy Chase Bank." Upon information and belief, the "courtesy copy" reference by Defendants was an attempt to unfairly,

-5-

falsely and deceptively imply to Ms. Gelter as a least sophisticated consumer that the initial credit grantor - Chevy Chase Bank - was to receive a copy of the Initial Collection Communication when in fact it was not and to falsely imply that Chevy Chase Bank was interested in the collection of the Charge Account when in fact it was not.

25. On or about January 3, 2006, Defendants filed or caused to be filed a civil proceeding against Ms. Gelter in an attempt to collect the Charge Account in that certain case styled *"National Financial Holdings v. Billy J. Ingmire,* in the County Court, of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. COCE-06-00038 (49)" ("Broward County Collection Proceeding").

26. The Plaintiff in the Broward County Collection Proceeding is an entity by the name of "National Financial Holdings" ("National Financial"). National Financial is an unknown entity which is not registered as either a debt collector or an organization authorized to do business in the State of Florida.

27. Upon discovery of the legal organization of National Financial, Ms. Gelter reserves the right to add National Financial, its agents, employees and representatives as additional party defendants.

28. The Broward County Collection Proceeding was filed against Ms. Gelter despite the fact that the Defendants knew that the Charge Account was time-barred by operation of the applicable statutes of limitations.

29. The Broward County Collection Proceeding was filed in Broward County, Florida despite the fact that the Defendants knew Ms. Gelter was a resident of Escambia County, Florida.

30. The Broward County Collection Proceeding was dismissed for failure to prosecute

on February 2, 2006. In particular, Attorney Katz failed to appear at the Pretrial Conference scheduled for said date in accordance with the Florida Small Claims Rules.

31.     Defendants are personally guilty of intentional misconduct or gross negligence in the above described activities. Defendants either had actual knowledge of the wrongness of their conduct and a high probability that injury or damage to Ms. Gelter would result and, despite that knowledge, intentionally pursued that course of conduct resulting in injury or damage, or alternatively, the conduct of Defendants was so reckless or wanting in care that it constituted a conscious disregard and indifference to the rights of the persons exposed to such conduct.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

32.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

33.     Ms. Gelter realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

34.     At all times material hereto, Ms. Gelter was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

35.     At all times material hereto, Chevy Chase Bank and Zwicker & Associates were each a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

36.     At all times material hereto, the Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

37.     At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

38. As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

(a) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692d;

(b) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(c) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d) made a false representation of the compensation which may be lawfully received by any debt collector of a debt in contravention of 15 U.S.C.§1692e(2)(B)

(e) made a representation or implication that non-payment of a debt will result in the arrest or imprisonment of Ms. Gelter in contravention of 15 U.S.C.§1692e(4);

(f) made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

(g) made a false representation or implication that Ms. Gelter as a consumer committed any crimes or other conduct to disgrace Ms. Gelter as a consumer in contravention of 15 U.S.C.§1692e(7);

(h) made a threat to communicate to any person credit information which is known or which should be known to be false, in contravention of 15 U.S.C.§1692e(8);

(i) failed to disclose in the initial written communication with Ms. Gelter as a consumer that the debt collector is attempting to collect a debt and that any information obtained

will be used for that purpose, and the failure to disclose in any subsequent communication that the communication is from a debt collector in contravention of 15 U.S.C. §1693e(11);

 (j) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

 (k) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

 39. 15 U.S.C. §1692g provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;
>
> (c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thiseof, the debt will be assumed to be valid by the debt collector;
>
> (d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. The Defendants violated the requirements of 15 U.S.C. §1692g by failing to provide Ms. Gelter with a notice of validation rights as required by the FDCPA.

41. The Defendants violated the requirements of 15 U.S.C. §1692i by filing the Broward County Collection Proceeding in an impermissible judicial district.

42. As a direct and proximate result of the violation of the FDCPA by the Defendants, Ms. Gelter has been damaged. The damages of Ms. Gelter include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

43. Pursuant to 15 U.S.C. §1692k, Ms. Gelter is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

44. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

45. Ms. Gelter has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Billy J. Gelter, an individual, demands judgment against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, for compensatory, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

46.     This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

47.     Ms. Gelter realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

48.     At all times material hereto, the Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

49.     At all times material hereto, Ms. Gelter was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

50.     At all times material hereto, Chevy Chase Bank was a "creditor" as said term is defined under Florida Statutes §559.55(3).

51.     At all times material hereto, Defendants were "debt collectors" as said term is defined under Florida Statutes §559.55(6).

52.     As more particularly described above, the Defendants have violated the FCCPA in that the Defendants have:

    (a)     Willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Gelter or a member of her family, in contravention of Florida Statutes §559.72(7);

    (b)     Used willfully abusive language in communicating with Ms. Gelter in contravention of Florida Statutes §559.72(8); and

    (c)     Claimed, attempted or threatened to enforce a debt when Defendants knew that the debt was not legitimate or asserted the existence of a legal right when such person knows

the right does not exist, in contravention of Florida Statutes §559.72(9).

53. As a direct and proximate result of the violation of the FCCPA by the Defendants, Ms. Gelter has been damaged. The damages of Ms. Gelter include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

54. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

55. Ms. Gelter has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

56. Pursuant to Florida Statute §559.77, Ms. Gelter is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Billy J. Gelter, an individual, demands judgment for damages against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, for compensatory, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

## COUNT III - ACTION FOR MALICIOUS PROSECUTION

57. This is an action for damages for malicious prosecution brought herein pursuant to the doctrine of pendant jurisdiction.

58. Ms. Gelter realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

59. The Broward County Collection Proceeding was filed and prosecuted by

Defendants without probable cause.

60. The Broward County Collection Proceeding was filed and prosecuted by Defendants recklessly and without regard to whether the proceeding was justified to the extent that Defendants acted with malice.

61. As a direct and proximate result of the malicious prosecution of the Broward County Collection Proceeding by Defendants, Ms. Gelter has been damaged. The damages of Ms. Gelter include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

62. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

WHEREFORE, Plaintiff, Billy J. Gelter, an individual, demands judgment against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, for compensatory and punitive damages, and for such other and further relief as justice may require.

### COUNT IV - ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. This is an action for damages for intentional infliction of emotional distress brought herein pursuant to the doctrine of pendant jurisdiction.

64. Ms. Gelter realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

65. As more particularly described above, Defendants, through their agents, representatives and employees acting within the scope of their authority, have intentionally

inflicted emotional distress on Ms. Gelter for the purpose of attempting to collect the Charge Account.

66. As a direct and proximate result of the intentional infliction of emotional distress by Defendants, Ms. Gelter has been damaged. The damages of Ms. Gelter include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

67. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

WHEREFORE, Plaintiff, Billy J. Gelter, an individual, demands judgment against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, for compensatory and punitive damages, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Billy J. Gelter, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 (FAX)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular U.S. mail on June _____, 2006 to Laurence S. Litow, Esquire, Hinshaw & Culbertson LLP, One E. Broward Blvd., Ste. 1010, Fort Lauderdale, FL 33301 and to Wendy J. Stein, Esquire, Bunnell Woulfe, One Financial Plaza, Ste. 900, 100 SE 3rd Avenue, Fort Lauderdale, FL 33394.

                                                                                     _____
                                                                                      Attorney

*Law Offices*
## Adam J. Katz, P.A.
*2825 N. University Dr. Suite #201*
*Coral Springs, Florida 33065*

Adam Jeffrey Katz
*Also Member Federal Bar*

Telephone (954) 761-8080
Fax (954) 523-5723

Harvey Greenberg
*of Counsel*

# URGENT-FINAL NOTICE

May 4, 2005

Billy Ingmire
420 Edison Dr.
Pensacola, Florida 32505

RE: Account No.: 602567
Balance Due: $1,881.80

Dear Mr. Ingmire:

As of the time this notice was sent, the above referenced bill is severely past due. This valid debt is for 1st USA Chevy Chase Bank provided by Zwicker & Associates, P.C.

Failure to send payment or provide a valid legal reason for a non-payment will result in further collection activities, *including, but not limited to criminal and/or civil prosecution*, when permitted by law. In addition, reporting of this debt to all major credit bureaus, as well as the aforementioned exposure to a lawsuit which will result in attorney's fees, sanctions, post-judgment, interest and additional monetary damages as provided by law will be aggressively pursued in the event that you do not remit the full amount referenced above immediately. Please send payment upon receipt of this statement or contact my firm at (954) 761-8080 to make the appropriate payment arrangements. Payment may be made via credit card, money order, check by phone or Western Union. Your immediate attention is requested. Govern yourself accordingly.

Your immediate response is requested,

Adam J. Katz, Esq.

Cc: 1st USA Chevy Chase Bank

**EXHIBIT A**