

D.C.

ELECTRONIC

**Jun 27 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-60223-CIV-GRAHAM/O'SULLIVAN

BILLY J. GELTER, an individual
formerly known as "Billy J. Ingmire,"

        Plaintiff,

v.

ADAM JEFFREY KATZ, P.A., a
Florida professional association doing
business as "Law Offices of Adam J.
Katz, P.A.," and ADAM JEFFREY
KATZ, an individual.

        Defendants.

_____/

### DEFENDANT ADAM JEFFREY KATZ, P.A. and ADAM JEFFREY KATZ, ESQ.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants, ADAM JEFFREY KATZ, P.A. ("KATZ P.A.") and ADAM JEFFREY KATZ, ESQ. ("KATZ"), by and through their undersigned counsel, hereby file their Response in Opposition to Plaintiff's Motion to File Amended Complaint for Damages and Incidental Relief and Memorandum of Law in Support Thereof, and states as follows:

### I.  INTRODUCTION

On May 5, 2005, KATZ mailed a letter to Plaintiff for the purpose of collecting a debt.  On November 30, 2005, KATZ P.A. filed a small claims court lawsuit on behalf of its client National Financial Holdings for the purpose of collecting the debt referred to in the initial letter.  Plaintiff was served with the collection lawsuit on January 25, 2006 and said lawsuit was dismissed for lack of prosecution eight days later on February 2, 2006.

On March 7, 2006, Plaintiff filed the instant matter alleging that the initial collection letter and the subsequent collection lawsuit were violative of the Federal and State Fair Debt Collection Acts.  On June 1, 2006, KATZ filed an Answer to Plaintiff's Complaint admitting liability and consenting to the entry of a judgment against him for statutory damages under both counts. (D.E. 23). In its Amended Answer, KATZ P.A. also admitted liability for violation of both statutes and consented to judgment for statutory damages under both statutes.[1]

On June 12, 2006, Plaintiff moved for leave to add Counts for malicious prosecution and intentional infliction of emotional distress ("IIED") to her Complaint as well as claims for punitive damages under the existing statutory counts as well as the two Florida common law counts. However, the addition of the three new items to Plaintiff's Complaint would be futile and therefore this Court should deny Plaintiff's Motion to allow the proposed amendments.

## II.  ARGUMENT

**A.      Where Proposed Amendments To A Pleading Would Be Futile, A Plaintiff's Motion for Leave to Amend Should Be Denied.**

"The Eleventh Circuit has held that Courts may exercise ...discretion to deny said motions [for leave to amend pleadings] if the proposed amendments are futile."  *Ellis v. Morehouse School of Medicine,* 625 F. Supp. 1529, 1550 (N.D. Ga. 1996). See also *Hargett v. Valley Federal Savings Bank,* 60 F. 3d 754, 761 (11th Cir 1995); *Rudolph v. Arthur Andersen & Co.,* 800 F. 2d 1040, 1042 (11th Cir. 1986); *Halliburton & Associates v. Henderson, Few & Co.,* 774 F. 2d 441, 444 (11th Cir.

---

[1]KATZ P.A. initially answered the Complaint *pro se*, but on June 2, 2006, KATZ P.A.'s Amended Answer submitted by the undersigned counsel was deemed filed. (D.E. 26).

1985)).  As discussed below, Plaintiff's proposed amendments are futile and therefore her motion to file an Amended Complaint must be denied.

### B.      Plaintiff Fails To State a Claim For Malicious Prosecution.

"In order to prevail in a malicious prosecution action, a plaintiff must establish that:  (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued;  (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding;  (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding;  (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Alamo Rent-A-Car, Inc. v. Mancusi,* 632 So.2d 1352, 1355 (Fla. 1994) (citing *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217 (Fla.1986);  *Adams v. Whitfield*, 290 So.2d 49 (Fla.1974). The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution.  *Id.*   Bona fide termination

> ...is a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution court, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but that it demonstrated the suit's lack of merit.

*Doss v. Bank of America, N.A.,* 857 So. 2d 991, 994 (Fla.5th DCA 2003) (citing *Prosser Torts 4th Ed.,* at 838; 850-51; Restatement of Torts 2d (1077), §660, a; *Villa v. Cole,* 4 Cal. App. 4th 1327, 6 Cal. Rptr. 2d 644 (1992).

3

Therefore, suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit are not "bona fide terminations" and will not support a malicious prosecution suit. *Doss* at 994; citing *Union Oil of California v. Watson,* 468 So. 2d 349, (Fla. 3d DCA 1985).

As admitted by Plaintiff in her Complaint as well as the Proposed Amended Complaint:

> The Broward County Collection Proceeding was dismissed for failure to prosecute on February 2, 2006. In particular, attorney Katz failed to appear that the Pretrial Conference scheduled for said date in accordance with the Florida Small Claims Rules.

*See* Complaint and Amended Complaint at ¶30. The rule to which Plaintiff refers is Florida Small Claim Rule 7.090(a) which states, "On the date and time appointed in the notice to appear, the plaintiff and defendant shall appear personally or by counsel."

Due to these Defendants' non-appearance at the Pretrial Conference,[2] Plaintiff may not maintain an action for malicious prosecution for the small claims suit because the dismissal for failure to prosecute is clearly a technical/procedural reason and did not go to the merits of the suit. As the dismissal was not a bona fide termination as a matter of law, Plaintiff's allegations do not support a malicious prosecution suit, and therefore, Plaintiff cannot state a cause of action for same.

**C.      Plaintiff Fails To State A Cause Of Action For IIED.**

**i.      Defendants' Actions Are Protected by Litigation Privilege.**

The crux of Plaintiff's count for IIED against these Defendants is alleged impropriety with their debt collection efforts by filing the debt collection suit in Broward County, Florida. However,

---

[2]Defendants were mediating another small claims case when Plaintiff's small claims case was called up for hearing.

4

said actions are immune from suit.  *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co.,* 639 So. 2d 606, 607-608 (Fla. 1994); *Rushing v. Bosse,* 652 So. 2d 869, 875-876 (Fla. 4th DCA 1995).

The Eleventh Circuit has recognized and upheld Florida's immunity with respect to "any act occurring during the course of a judicial proceeding, regardless of whether the act involved a defamatory statement or other tortious behavior. . . so long as the act has some relation to the proceeding."  *Greenleaf Nursery v. E.I. DuPont de Nemours & Co.,* 341 F.3d 1292 (11th Cir. 2003) citing *Levin*, 639 So. 2d at 608.  As the Court did in *Greenleaf Nursery*, this Court should find as a matter of law that Plaintiff may not maintain a cause of action against these Defendants for IIED as the filing and service of the lawsuit directly related to the debt collection proceedings.

ii.     **Plaintiff Fails To State A Cause of Action for Intentional Infliction of Emotional Distress.**

Even if these Defendants' actions were not protected by the litigation privilege, which they are, Plaintiff's claim for IIED would still fail.  In order to maintain an action for IIED, a plaintiff must allege the following:

1.     The wrongdoer intended his behavior when he knew or should have known that emotional distress would likely result;

2.     The conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;

3.     The conduct caused emotional distress; and

4.     The emotional distress was severe.

*LeGrande v. Emmanuel,* 889 So. 2d 991 (Fla. 3d DCA 2004).

5

In applying the test for outrageousness, "Florida courts apply an objective standard, which must be evaluated as a matter of law;  the subjective response of a person does not control the question of whether the tort occurred." *Martin v. Baer*, 928 F.2d 1067, 1073 (11th Cir. 1991) (citing *Ponton v. Scarfone*, 468 So.2d 1009, 1011 (Fla. 2d DCA 1985), review denied, 478 So.2d 54 (Fla.1985); *Baker v. Florida Nat'l Bank*, 559 So.2d 284, 287 (Fla. 4th DCA 1990), review denied, 570 So.2d 1303 (Fla.1990) (issue of whether activities of defendant rise to required level of outrageousness to justify claim for intentional infliction of emotional distress is a legal question for court to decide as matter of law);  S*cheller v. American Medical Int'l Inc.*, 502 So.2d 1268, 1271 (Fla. 4th DCA 1987), review denied,  513 So.2d 1060 (Fla.1987) (court must determine, in the first instance, whether defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery)).

Plaintiff failed to allege any facts of conduct so outrageous that go "beyond all bounds of decency, and [are] regarded as odious and utterly intolerable in a civilized community." *Id.  Le Grande* is illustrative of the fact that the acts complained of in this case, (*i.e*., filing and service of a debt collection lawsuit) do not rise to the level of the extreme and outrageous conduct necessary to satisfy element two of the cause of action.  The *Le Grande* court stated:

> As we held in *Clemente*, the allegations in this case fail to rise to that level of extreme and outrageous conduct necessary to satisfy element two. *Id.* The Restatement of Torts, defines the requisite extreme and outrageous conduct that which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is won in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"

6

*Le Grande v. Emmanuel*, 889 So. 2d at 995, citing Restatement (S 2nd) of Torts, §46 CNT. D. (1965).

In *Le Grande,* in front of his parishioners, the pastor of a church was falsely "branded a thief" who allegedly stole money from the church and purchased a Mercedes, which the court acknowledged was "unsettling, embarrassing, and/or humiliating for a member of the clergy." *Id.* However, the court nevertheless held that such conduct still does not support a claim for IIED as a matter of law as it did not meet the outrageous requirement for the cause of action. *Id*. at 995. The appellate court then went on to affirm the dismissal of the count for IIED with prejudice. Certainly, spreading scandalous untruths to a clergyman's parishioners far outweighs the "audacity" of the filing and service of a small claims court collection lawsuit that was dismissed just eight days later as alleged in this case. Since Plaintiff's allegations fail to state a cause of action for IIED, her Motion must be denied.

**D.      Plaintiff's Proposed Claims For Punitive Damages Fail As A Matter Of Law.**

As discussed at length above, Plaintiff fails to state causes of action for IIED and malicious prosecution. Therefore, any claim for punitive damages predicated upon these causes of action must be dismissed as well.

With respect to Plaintiff's statutory claims, neither the federal nor state Fair Debt Collection Practices Act allow for the recovery of punitive damages and therefore Plaintiff may not make a claim for same. For this reason, Plaintiff's proposed claims for punitive damages will be futile.

7

i.       **The Federal Fair Debt Collection Practices Act.**

Title 15 U.S.C. § 1692K prescribes the parameters of civil remedies for violations of the

Federal Fair Debt Collection Practices Act found at 15 U.S.C. § 1692 *et seq*.  The civil liability

portion of the statute state as follows:

> (A)    Amount of damages.
>        Except as otherwise provided in this section, any debt
>        collector who fails to comply with any provision of the sub-
>        chapter with respect to any person is liable to such person in
>        the amount to the sum of -
>        (1)     Any actual damage sustained by such person as a
>                result of such failure;
>        (2)     (A)    In the case of any action by an individual,
>                       such additional damages as the Court may
>                       allow, but not exceeding $1,000 . . .

Title 15 U.S.C. § 1692K.

The only "additional" damages other than actual damages which are permitted by statute are

$1,000 with no provision allowing punitive damages.  The statute simply does not allow Plaintiff

to make a claim for punitive damages beyond actual and additional damages.  As stated earlier, these

Defendants have already admitted liability and consented to judgment for statutory damages for

$1,000 under this statute.  As there are no other "additional" damages allowed by statute, Plaintiff's

claim for punitive damages has no legal merit.

ii.      **Florida Consumer Protection Practices Act.**

Florida Statute § 559.77 prescribes the civil remedies available to consumers for violation

of the Florida Consumer Collection Practices Act.  The extent of civil remedies allowed by statute

are as follows:

8

> Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages up to $1,000, together with Court costs and reasonable attorney's fees incurred by the Plaintiff.  In determining the Defendants liability for any additional statutory damages, the Court shall consider the nature of the Defendants non-compliance with §559.72, the frequency and persistence of such non-compliance, and the extent to which such non-compliance was intentional. . .

Fla. Stat. §559.77(2).

Like its federal counterpart, the Florida Consumer Protection Statute only allows additional statutory damages up to $1,000, the basis of which being the same basis on which Plaintiff seeks to amend to allege a claim for punitive damages.  Again, these Defendants already admitted liability for violation of this statute and confessed judgment for the entire amount of statutory damages.  As the Florida Consumer Protection Act does not contemplate additional damages to the already "additional damages," Plaintiff's claim fails accordingly. *McGuire, Woods, Battle & Boothe, L.L.P. v. Hollfelder,* 771 So.2d 585, 586 (Fla. 1st DCA 2000) (mandating trial court to strike a claim for punitive damages in statutory action where statute does not provide for punitive damages).

### III.  CONCLUSION

Defendants filed and served a lawsuit on Plaintiff.  It was dismissed on procedural grounds eight days later.  In this case, they admitted liability for the two statutory acts that they violated. Plaintiff, apparently unhappy with the limited remedies allowed under such statutes, has attempted to bring additional counts for liability and damages against these Defendants, neither of which she can sustain as a matter of law.  There was no bona fide termination necessary in order to state a cause of action for malicious prosecution, nor is the service of a lawsuit so outrageous that it escapes Florida's litigation privilege and falls under the narrow scope of conduct that can form a basis for

9

IIED.  Finally, these Defendants have already confessed judgment to all damages over and above

Plaintiff's actual damages that she is entitled to by law.  There is simply no basis to bring additional

claims for punitive damages.  Therefore, as none of the proposed amendments to Plaintiff's

Complaint are sustainable as a matter of law, Plaintiff's Motion to File such Amended Complaint

must be denied.

WHEREFORE, Defendants ADAM JEFFREY KATZ, P.A. and ADAM JEFFREY KATZ,

ESQ. request that this Court deny Plaintiff's Motion and Grant such other and further relief as the

Court deems just and proper.

WE HEREBY CERTIFY that a copy of the foregoing was furnished via U.S. mail this 27th

day of June, 2006 to: **ROBERT W. MURPHY, ESQ.**, Counsel for Plaintiff, 1212 S. E. 2nd Avenue,

Fort Lauderdale, FL 33316, telephone (954) 763-8660, facsimile (954) 763-8607; and **LAURENCE**

**S. LITOW, ESQ.**, Hinshaw & Culbertson, LLP, Counsel for Defendants, One East Broward Blvd.,

Suite 1010, Fort Lauderdale, FL 33301, telephone: (954) 467-7900, fa x: (954) 467-1024.

> BUNNELL WOULFE KIRSCHBAUM KELLER
> McINTYRE GREGOIRE & KLEIN, P. A.
> Co-Counsel for Defendants
> One Financial Plaza, Suite 900
> 100 Southeast Third Avenue
> Fort Lauderdale, FL 33394
> Telephone: (954) 761-8600
> Facsimile: (954) 525-2134
> email: wjs@bunnellwoulfe.com
>
> By:   s/Wendy J. Stein
>       Wendy J. Stein
>       Fla. Bar No. 389552