# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:06-60223-CIV-GRAHAM-O'SULLIVAN

BILLY J. GELTER, an individual,
formerly known as "Billy J. Ingmire,"

       Plaintiff,

v.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, doing business as
"Law Offices of Adam J. Katz, P.A.", and
ADAM JEFFREY KATZ, an individual,

       Defendants.

_____/



## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Billy J. Gelter, an individual, formerly known as "Billy J. Ingmire" ("Ms. Gelter"), by and through her undersigned attorney, pursuant to Rule 7.1C, Local Rules of the United States District Court, Southern District of Florida, files this her Reply Memorandum in Support of Plaintiff's Motion to File Amended Complaint for Damages and Incidental Relief and in response to the Memorandum in Opposition to Motion to File Amended Complaint for Damages and Incidental Relief filed herein by Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A." ("Katz Law Firm"), and Adam Jeffrey Katz, an individual ("Attorney Katz"):

## I. LEGAL ARGUMENT

**A. THE PROPOSED AMENDMENT OF MS. GELTER IS NOT FUTILE IF THE PROPOSED COMPLAINT WOULD NOT BE SUBJECT TO DISMISSAL UNDER APPLICABLE LAW.**

When a district court denies a plaintiff leave to amend a complaint due to futility, the Court is making a legal conclusion that the complaint as amended would necessarily fail. See, Motor City of Jacksonville, Ltd. v. Southeast Bank, N.A., 83 F.3d 1317, 1323 (11th Cir.1996), *vacated on other grounds by* Hess v. FDIC, 519 U.S. 1087, 117 S.Ct. 760, 136 L.Ed.2d 708 (1997), *reinstated by* Motor City of Jacksonville, Ltd. v. Southeast Bank, N.A., 120 F.3d 1140 (11th Cir.1997), *cert. denied,* 523 U.S. 1093, 118 S.Ct. 1559, 140 L.Ed.2d 791 (1988). As detailed below, the proposed amendment properly states an additional cause of action for malicious prosecution[1] and claims for punitive damages. St. Charles, Inc. v. America's Favorite Chicken Company, 198 F.3d 815 (11th Cir.1999)[Eleventh Circuit reversal with instructions that "in determining whether . . . additional causes of action are viable, the district court should focus precisely on the nature and contours of each."]

**B. MS. GELTER HAS PROPERLY STATED A CLAIM FOR MALICIOUS PROSECUTION; WHETHER A "BONA FIDE TERMINATION" OF THE BROWARD COUNTY COLLECTION PROCEEDING OCCURRED IS TO BE RESOLVED BY THE FACT FINDER.**

In their Memorandum, Defendants correctly recite the elements for a cause of action for malicious prosecution as stated by Alamo Rent-a-Car, Inc. v. Mancuso, 632 So.2d 1352, 1355

---

[1] Ms. Gelter has filed contemporaneous herewith a Notice of Withdrawal of Count IV of her proposed amended complaint. Accordingly, argument with respect to the claim for intentional infliction of emotional distress is moot.

2

(Fla.1994) and preceding cases (Memorandum in Opposition - p.3). However, according to Defendants, the Broward County Collection Proceeding was not a "bona fide termination" sufficient to support a malicious prosecution suit. On this point, Defendants are clearly wrong.

In an action for malicious prosecution, the plaintiff has the burden of establishing that the underlying action was terminated and that such termination was a "bona fide" termination in favor of the plaintiff. In civil proceedings, a "bona fide termination" is demonstrated by either a favorable decision on the merits or some other bona fide termination of an action. See, Doss v. Bank of America, N.A., 857 so.2d 991 (Fla.5th DCA 2003); Indian Oil of California v. Watson, 468 So.2d 349 (Fla.3rd DCA 1985); Rowen v. Holiday Pines Property Association, 759 So.2d 13 (Fla.4th DCA 2000); Weissman v. K-Mart, 396 So.2d 1164, 1167 (Fla.3rd DCA 1981); Gatto v. Publix Supermarkets, Inc., 387 So.2d 377, 382 (Fla.3rd DCA 1980).

In discussing what constitutes a bona fide termination in a suit for purposes of malicious prosecution, the Second Reinstatement of Torts provides in pertinent part:

> Civil proceedings may be terminated in favor of the person against whom they are brought...by (1) the favorable adjudication of the claim by competent tribunal, or (2) **withdrawal of the proceedings by the person bringing them**, or (3) **the dismissal of the proceedings because of his failure to prosecute them**. The favorable adjudication may be a judgment written by a court after trial or upon demurrer or its equivalent. In either case, the adjudication is sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and any further proceedings that it may entail.
>
> Second Reinstatement of Torts, §674, Comment J
> (emphasis added)

Thus, as seen above, according to the Reinstatement of Torts, a bona fide termination may occur through withdrawal of proceedings or a dismissal of proceedings because of failure to

prosecute. In their Memorandum, Defendants assert that the Broward County Collection

Proceeding was dismissed because of "technical and procedural reasons or considerations other

than the merits of the first lawsuit." (Memorandum in Opposition - p.4). However, a studied

reading of the relevant cases demonstrate that the policy underpinning the "bona fide

termination" requirement is satisfied if the defendant in a malicious prosecution action "[had] his

day in court in the locus where he began the controversy." Hammond Lead Products, Inc. v.

American Cyanamide Company, 570 F.2d 668, 673 (7th Cir.1977), as cited in Warren v. Holiday

Pines Property Association, Inc., 759 So.2d at 16. A "day in court" means that the defendant has

had the chance to litigate the merits as the plaintiff in the original action.

In Doss v. Bank of America, the Florida Fifth District Court of Appeal addressed the

question of whether a joint stipulated dismissal of a lawsuit brought by the bank against a

customer constituted a "bona fide termination" in litigation in the customer's favor sufficient to

support a claim for malicious prosecution. In reversing summary judgment, the Doss court ruled

that a malicious prosecution claim could proceed even though there was a dismissal and joint

stipulation. Id. at 993. In recognizing that whether a termination is "bona fide" is often an issue

for a jury, the Court stated "whether the withdrawal or abandonment of a lawsuit constitutes a

bona fide termination in favor of a person against whom the suit was brought, depends on the

total circumstances surrounding the withdrawal or abandonment." Id.at 995. Further, "it is

favorable the dismissal indicates the lack of merit of the case against the defendant in a civil

case." Id.

The Doss court analyzed the facts of record at the time of summary judgment as part of

its determination that the unhappy customer had the right to proceed with a malicious

4

prosecution claim:

> Wisely, the bank's attorney sought to drop the collection suit when apprised of the facts. However, as Doss points out in her appellate brief, under the current rules of civil procedure, the bank could not take a voluntary dismissal of its suit as Doss had filed a counterclaim. Thus, a joint stipulation was necessary to obtain dismissal of the collection suit. These circumstances weigh on the side of finding a bona fide termination of this case, because the joint stipulation looks more like a voluntary dismissal, which is generally construed as a termination in favor of the defendant in the underlying action, where the record contains evidence indicating a lack of probable cause.
>
> Id. at 996-997.

The Fifth District Court of Appeal recognized whether withdrawal or abandonment of a lawsuit is "bona fide" depends on the total circumstances surrounding the dismissal.

Whether the Broward County Collection Proceeding was a "bona fide termination" necessarily involves a determination of facts. It is the position of Ms. Gelter that the failure of Attorney Katz to appear at the pretrial conference in the Broward County Collection Proceeding in accordance with Florida Small Claims Rules constitutes an abandonment of the lawsuit. Interestingly, Defendants contend that the dismissal was a result of the presence of the Defendants in a mediation in another small claims matter (Memorandum in Opposition - p.4, ft.2). As such, Defendants reference matters outside the record which would necessarily involve some form of discovery. In any event, it is the position of Ms. Gelter that the abandonment of the Broward County Collection Lawsuit was predicated on the fact that Defendants were aware that Ms. Gelter had retained counsel in the collection case and knew very well that they had improperly sued Ms. Gelter in an inconvenient forum on a time-barred debt which Defendants would not have been able to prove up in the first place. As in the Doss case above, Attorney Katz wisely dropped "the Broward Collection Proceeding"as he knew he would have been unable to

5

prevail under any circumstances if Ms. Gelter challenged the action.

### C.  MS. GELTER HAS PROPERLY PLEAD CLAIMS FOR PUNITIVE DAMAGES UNDER BOTH THE FDCPA AND FCCPA.

#### 1. Punitive Damage Claim Under the FDCPA.

Defendants argue that the claim for punitive damages under the FDCPA is not authorized under the remedies section of 15 U.S.C. §1692k. Ms. Gelter readily concedes that there is a dearth of case law addressing the issue. However, in the absence of specific federal statutory guidance, federal courts may determine that it is within their authority to award punitive damages in appropriate cases. See, e.g., In re General Motors Corporation Engine Interchange Litigation, 594 F.2d 1106 (7th Cir.1978)[recovery of punitive damages under Magnuson-Moss Act regarding warranties... "we do not believe as GM does that punitive damages are never recoverable under federal law unless expressly authorized."]; Keene v. International Union of Operating Engineers, Local 624, 569 F.2d 1375 (5th Cir.1978)[punitive damages available under the Labor Management Reporting and Disclosure Act]; Hubbard v. Allied Van Lines, Inc., 540 F.2d 1224 (4th Cir.1976)[punitive damages and recovery for mental distress available in action under the Interstate Commerce Act, 48 U.S.C. §1316(d) when the statute limited to carrier's liability to "any loss, damage or injury caused by it"]; Dasista v. Weir, 340 F.2d 74, 84-88 (3rd DCA 1965)[Civil Rights Act provision that offending person "shall be liable to the party injured in an action at law" brings into play federal common law of damages with respect to recovery of punitive damages]; Sidney Wanzer & Sons v. Milkdrivers Local 753, 249 F.Supp. 664, 669-70 (M.D.Ill.1966)[Taft-Hartley Act lawsuits for breach of collective bargaining agreement not subject to prohibition of punitive damages].

There is no evidence of Congressional intent to prohibit punitive damages. Indeed, permitting punitive damages furthers the purposes of the FDCPA. As stated by Congress, the FDCPA was intended to eliminate abusive collection practices. 15 U.S.C. §1692(c). Awards of punitive damages in egregious cases advances this purpose. See, e.g., Kuhn v. Account Control Technology, Inc., 865 F.Supp. 1443 (D.Nev.1994)[in proceeding against debt collection agency for unlawful debt collection practices under the FDCPA and Nevada state law claims, plaintiff presented sufficient evidence to establish an award of punitive damages].

### 2. Punitive Damage Claim Under the FCCPA.

Unlike the FDCPA, the FCCPA does specifically provide for punitive damages. For reasons best known to Defendants, Defendants did not provide the complete statutory provision of the civil remedies section of the FCCPA. Specifically, Defendants omitted:

> The court may, in its discretion, award punitive damages and then may provide such equitable relief as it deems necessary and proper, including enjoining the defendant from further violations of this part.

Florida Statutes §559.77(2)

Under the FCCPA, if the evidentiary basis is established, an award of punitive damages is appropriate. Story v. J.M. Fields, Inc., 343 So.2d 675 (Fla.1st DCA 1977); See, e.g., Barker v. Thomason, 2006 WL1679645 (M.D.Fla.2006)[punitive damage award of $10,000 under CCPA].

_____
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 [Fax]
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular U.S. Mail on July 14th, 2006 to Laurence S. Litow, Esquire, Hinshaw & Culbertson LLP, One E. Broward Blvd., Ste. 1010, Fort Lauderdale, FL 33301 and to Wendy J. Stein, Esquire, Bunnell Woulfe, One Financial Plaza, Ste. 900, 100 SE 3rd Avenue, Fort Lauderdale, FL 33394.

_____
Attorney